# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

*Filed Electronically:* December 8, 2017

| | |
|---|---|
| IN RE DOWNSTREAM ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS | ) ) ) ) Sub-Master Docket No. 17-9002 L ) ) Chief Judge Susan G. Braden |
| THIS DOCUMENT RELATES TO: ALL DOWNSTREAM CASES | ) ) ) ) ) ) ) |

## **THE UNITED STATES' MOTION FOR A MORE DEFINITE STATEMENT**

## INTRODUCTION

With over 150 cases presenting over 1,000 individual claims related to post Hurricane Harvey flooding, it is imperative that the Court manage these cases to ensure efficient handling that will protect the Court and the parties from unnecessary and undue burden. The Court must ensure that Plaintiffs have met the minimum pleading requirements of Court of Federal Claims Rules 12(e) and 9(i) as an early step to promote the efficient management of these cases. Currently, a substantial percentage of Plaintiffs' complaints do not meet the rule's requirements of pleading with specificity.[1]

---

[1] The Court issued four separate orders concerning the taking cases pending before the Court of Federal Claims. *See Master Docket*, ECF No. 67-70 (the "Orders"). Those Orders established a problematic, unworkable schedule. The United States subsequently moved to vacate the Orders. *See* ECF No. 100. The Court has indicated that it will soon be issuing a written order on the United States' motion. By submitting this motion in accordance with the schedule in the Orders, the United States does not waive or otherwise abandon its previously-asserted objections or its motion to vacate.

The claimant in any taking action must at a minimum (1) "pinpoint the precise action that it contends constituted conduct the government could not engage in without paying compensation," *Acceptance Ins. Cos. v. United States*, 583 F.3d 849, 855 (Fed. Cir. 2009), and (2) identify with particularity "the specific property interest alleged to have been taken" by that government action. RCFC 9(i). Under this standard, most complaints filed in this litigation are deficient because they do not (i) identify the precise government action that allegedly took their property; (ii) state with specificity the property or property interest allegedly taken; (iii) identify the nature of the alleged taking, *i.e.*, permanent or temporary; and, (iv) state the duration of any alleged temporary taking.

The Court should order Plaintiffs to file a master complaint or, in the alternative, order all Plaintiffs to amend their respective complaints to list in separately numbered paragraphs, or in a spreadsheet attached to the complaint, each of the following: (1) the government action(s) that allegedly caused the taking; (2) the location of the property; (3) the interest allegedly taken; and (4) whether Plaintiffs allege a permanent or temporary taking, and if temporary the dates.[2] The Court should dismiss any complaints for failure to plead with the required specificity if they remain deficient after the period for amendment has run.

I.   **Standard of Review**

Under RCFC 12(e), the Court may grant a motion for a more definite statement, if the complaint is "so vague or ambiguous that the [United States] cannot reasonably prepare a response." RCFC 12(e). For a complaint to state a valid claim under the RCFC, a plaintiff must include "a short and plain statement of the claim showing that the pleader is entitled to relief."

---

[2] The United States believes that it would be most efficient for this information to be set forth in one master complaint containing the allegations of all upstream Plaintiffs.

RCFC 8(a)(2). For a Fifth Amendment takings claim, a heightened pleading standard exists whereby a plaintiff must identify with specificity the property interest allegedly taken by the United States. *See* RCFC 9(i) (plaintiff must "identify the specific property interest alleged to have been taken by the United States."). A plaintiff must also "pinpoint the precise action that it contends constituted conduct the government could not engage in without paying compensation." *Acceptance Ins. Cos.*, 583 F.3d at 855. If a plaintiff fails to comply with Rule 9(i), amendment or dismissal is appropriate. *See Gal-Or v. United States*, 93 Fed. Cl. 200, 205 (2010) (granting motion for more definite statement requiring plaintiff to "explain what property interest he owns.").

**II.     Most Complaints Are Inadequate In One Or More Respects**

    **A.     Plaintiffs Must Identify the Government Action That They Contend Took Their Property**

Some of Plaintiffs' complaints are vague and ambiguous because they do not specifically identify what action the United States took that requires the government to pay compensation. *See Kitt v. United States,* 277 F.3d 1330, 1336 (Fed. Cir. 2002) (stating that analysis of a takings claim requires identifying the precise governmental action that is the subject of the claim); *Creppel v. Unite States*, 41 F.3d 627, 634 (Fed. Cir. 1994) ("[T]his court must determine when the events fixing any potential Government liability [for a taking] occurred." (citation omitted).[3]

For example, the class action complaint in *Banes v. United States* is unclear as to the specific government action giving rise to Plaintiffs' claims. *See* First Am. Class Action Complaint, No. 17-1191C (Fed. Cl. September 6, 2017) (ECF No. 2). Paragraph 32 of the *Banes*

---

[3] The United States acknowledges that failure to specify the government action alleged to have caused the taking is most prevalent in "upstream" complaints. Most "downstream" complaints typically identify a government action of releasing water. However, most "upstream" and "downstream" complaints fail to specify the property interest taken.

complaint states that "Defendant's decisions or actions caused flooding and/or lack of power and related damage that effected temporary and permanent takings," but does not specify the "decisions or actions" that they allege caused a temporary taking of their property nor do they specify the decisions or actions that they allege caused a permanent taking of their property. *Id.*

Accordingly, as illustrated by this example, there are complaints that fail to "pinpoint" the government action as required when alleging a Fifth Amendment takings claim. *See Acceptance Ins. Cos.*, 583 F.3d at 855. The Court should order that all Plaintiffs to amend their complaints to add a separately numbered paragraph setting forth the specific government action(s) that allegedly caused the taking, so that the United States has sufficient information to evaluate Plaintiffs' respective claims and conduct its defense of these actions.

### B. Plaintiffs Must Identify With Specificity the Property and Property Interest Purportedly Taken

Many of Plaintiffs' complaints also fail the pleading requirements because they do not specifically identify the property and/or property interest allegedly taken by the United States as required by RCFC 9(i). As part of meeting the requirements of RCFC 9(i), plaintiffs must specify the nature of the taking. This means that plaintiffs must specify what property interest they allege that the United States has taken, such as a fee simple or easement interest in real property, and whether they allege that the United States has permanently or temporarily taken that interest. This pleading requirement applies equally if a plaintiff intends to seek compensation for an alleged taking of personal, intangible, or other property.

A clear statement of the property and property interest purportedly taken is vital. Such allegations define the scope of this action and the parameters of fact and expert discovery. The United States cannot viably respond to allegations of a taking or develop its defenses, particularly in the unrealistically short timeframe provided for discovery, in the absence of

complete allegations about the specific property and property interest alleged to have been taken by the specified government action. Many of Plaintiffs' complaints do not specify this information.

For example, paragraph 26 of the complaint in *Demopulos v. United States* alleges that the United States "appropriate[d] Plaintiff's property as a flooding easement," but does not specify whether Paintiff alleges that the appropriation of the easement is temporary or permanent. No. 17-1645L (Fed. Cl. October 31, 2017) (ECF No. 1)[4]. Similarly, paragraph 10 of the complaint in *Y&J Properties, Ltd. v. United States*, merely states that the "United States has taken Plaintiffs' property," but does not specify at all the interest that Plaintiffs allege that the United States took. No. 17-1189L (Fed. Cl. September 5, 2017) (ECF No. 1). Likewise, the complaint in *Arriaga v. United States* also does not specify at all the interest that Plaintiffs allege taken by the United States, but merely says in paragraph 37 that the United States' "decisions and/or actions were a 'taking' under the Fifth Amendment for which Plaintiffs should be compensated." No. 17-1303 (Fed. Cl. September 21, 2017) (ECF No. 1). Additionally, one of the complaints does not even include addresses of the properties Plaintiffs allege the government has taken. *See* First Am. Class Action Complaint in *Banes*. And various complaints contain general allegations about the purported taking of personal property without specifying the property purportedly taken by the government's action.

Plaintiffs' failure to identify the property and property interest violates RCFC 9(i) and prevents the United States from reasonably preparing a response to the complaints and

---

[4] The following complaints also fail to specify whether the alleged flooding easement taken by the United States is permanent or temporary: *Gardner v. United States,* No. 17-1646 L (Fed. Cl October 31, 2017); *Swires v. United States,* No. 17-1647 L (Fed. Cl. October 31, 2017); *Wassef v. United States,* No. 17-1833 L (Fed. Cl. November 27, 2017) (All ECF No. 1).

developing its defenses.  Thus, the United States requests that the Court direct Plaintiffs to amend their complaints to include the specific property interest taken, such as easement or fee, state whether they allege a permanent or temporary taking of that interest, and if they allege a temporary taking, the dates of the taking.

**III.     Plaintiffs Complaints Seek Unrecoverable Consequential Damages**

The Fifth Amendment specifies that the relief available for a taking of private property is "just compensation," yet many of Plaintiffs' complaints seek unrecoverable consequential damages.  *See Yuba Nat. Res., Inc. v. United States*, 904 F.2d 1577, 1581 (Fed. Cir. 1990) ("It is a well settled principle of Fifth Amendment taking law, . . . that the measure of just compensation is the fair value of what was taken, and not the consequential damages the owner suffers as a result of the taking." (citation omitted).  For example, paragraph 28 of the complaint in *Aldred v. United States*, alleges in part that "certain of the Plaintiffs have been deprived of the benefits and profits attendant to the continued operation of commercial ventures on their property."  No. 17-1206L (Fed. Cl. September 7, 2017).  Similarly, the prayer for relief in the complaint in *Khoury v. United States* explicitly seeks consequential damages.  No. 17-1393 (Fed. Cl. September 29, 2017) (ECF No. 1).

The Supreme Court has defined the usual measure of just compensation for a permanent taking of property to be the fair market value of the property on the date of the alleged taking. *United States v. Miller*, 317 U.S. 369, 374 (1943).  Under this standard, the property owner receives "'what a willing buyer would pay in cash to a willing seller' at the time of the taking." *United States v. 564.54 Acres of Land*, 441 U.S. 506, 511 (1979) (quoting *Miller*, 317 U.S. at 374). Similarly, the legal measure of just compensation for a temporary taking is the fair rental value of the property taken over the period of time for which it was taken.  *Yuba Nat. Res., Inc.*,

904 F.2d at 1581.  This measure of compensation is described as "the price that a willing lessee would pay to a willing lessor, for the period of the [temporary] taking." *Heydt v. United States*, 38 Fed. Cl. 286, 309 (1997) (citations omitted).   Accordingly, to the extent that Plaintiffs seek damages for the consequences of the Government's action, rather than the value of a specifically-identified property interest that was purportedly taken by the Government, their claims are not viable.  If Plaintiffs reassert claims for damages in their amended complaints, the United States anticipates seeking the dismissal of those claims.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court issue an order granting this motion for a more definite statement.  The Court should direct the Plaintiffs to file a master complaint or individual amended complaints that identify in separate numbered paragraphs or attached spreadsheets (1) the precise government action that took their property; (2) the specific property taken, including the address; (3) the specific property interest taken, such as easement or fee, (3) whether Plaintiffs allege a permanent or temporary taking of that interest; (4) and if they allege a temporary taking, the dates of the taking.  If Plaintiffs fail to meet the pleading requirements set for in this motion following the period for amendment, the Court should dismiss those complaints.

Respectfully submitted,

JEFFREY H. WOOD
ACTING ASSISTANT ATTORNEY GENERAL
Environment & Natural Resources Division

By   */s/ Jacqueline Brown*
JACQUELINE C. BROWN
LAURA W. DUNCAN
SARAH IZFAR
JESSICA HELD
Trial Attorneys, Natural Resources Section

United States Department of Justice
Environment & Natural Resources Division
Post Office Box 7611
Washington, D.C. 20044-7611
Tel:  (202) 305-0481
Fax:  (202) 305-0506
E-mail:  jacqueline.c.brown@usdoj.gov
            laura.duncan@usdoj.gov
            sarah.izfar@usdoj.gov
            jessica.held@usdoj.gov