IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| IN RE UPSTREAM ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS )<br>)<br>)<br>)<br>)<br>) | Sub-Master Docket No. 17-cv-9002L<br><br>Chief Judge Susan G. Braden |
| THIS DOCUMENT RELATES TO: )<br>)<br>ALL DOWNSTREAM CASES )<br>) | |

## UNITED STATES' MOTION FOR RECONSIDERATION OF DECISION TO DEFER RULING ON MOTION TO DISMISS AND FOR A STAY OF DISCOVERY AND ALL PRE-TRIAL MATTERS

On February 20, 2018, the United States moved to dismiss Plaintiffs' complaint. *See* ECF No. 48. As of April 11, 2018, the motion has been fully briefed. *See* ECF Nos. 72, 87. In fairness and equity, and to promote efficient disposition of these matters, the United States respectfully submits that the Court should rule on the fully briefed motion and relieve the parties of further pre-trial obligations pending that ruling.

While Plaintiffs opposed the motion to dismiss (ECF No. 72), they did not seek to have the Court defer ruling on the motion.[1] *Id.* Nonetheless, on April 19, 2018, the Court "determined that the interests of justice require the court to defer ruling on the Government's February 20, 2018 Motion to Dismiss, pursuant to [Court of Federal Claims Rule] RCFC 12(i)." Order, ECF No. 92 at 2. For the reasons set forth below, the United States now moves for reconsideration of the Court's order to defer ruling and requests that the Court stay discovery and all pre-trial matters until it resolves the United States' motion.

---

[1] Although Plaintiffs' opposition stated that certain arguments were premature, none of those arguments formed the basis for the United States' motion to dismiss. For example, Plaintiffs argued that resolution of a relative benefits argument was premature, but the United States' motion advanced no such argument. *Id.* at 35-37. Plaintiffs argued that the common-law necessity defense was premature, but the United States did not advance that argument either. *Id.* at 28-34.

## **ARGUMENT**

The United States' motion to dismiss presents several independent bases for dismissal of Plaintiffs' complaint pursuant to RCFC 12(b)(1) and 12(b)(6). Among these is Plaintiffs' failure to state a claim upon which relief can be granted because they fail to allege that the United States' actions, taken as a whole, effected a taking. *See* Def.'s Mot. to Dismiss at 23-24. In support, the United States argued that Plaintiffs cannot state a viable Fifth Amendment claim by isolating a discrete government action out of context and ignoring the entirety of the United States' actions. *Id.* Thus, Plaintiffs allegations cannot focus solely on the isolated act of the raising of the Addicks and Barker floodgates because that isolated government act was one of many government acts that placed Plaintiffs in a much better position than if the government had taken no action at all. *Id.*

On April 20, 2018, two days after the Court deferred ruling on our motion, the United States Court of Appeals for the Federal Circuit issued a decision in *St. Bernard Parish Government v United* States, Nos. 2016-2301 & 2016-2373, 2018 WL 1882913 (Fed. Cir. Apr. 20, 2018). A copy of the Federal Circuit's decision is attached as Exhibit A. That decision addresses the same issue raised in the pending motion to dismiss and provides additional support for adjudication of the pending motion to dismiss now.

Plaintiffs in *St. Bernard Parish* alleged a violation of the Fifth Amendment after their properties flooded during Hurricane Katrina and other storms. *Id.* at 2-3. The *St. Bernard Parish* plaintiffs argued that the "government incurred liability because of government inaction, including the failure to properly maintain or to modify the Mississippi River-Gulf Outlet ('MRGO') channel, and government action (the construction and operation of the MRGO channel)." *Id.* at 3. The Federal Circuit rejected the *St. Bernard Parish* plaintiffs' claims on two grounds: (1) because "the government cannot be liable on a takings theory for inaction" and (2)

because "the government action in constructing and operating MRGO was not shown to have been the cause of the flooding." *Id.*

With respect to its second holding, the Circuit stated that "[i]t is well established that a takings plaintiff bears the burden of proof to establish that the government action caused the injury. Causation requires a showing of 'what would have occurred' if the government had not acted." *Id.* at 13 (quoting *United States v. Archer*, 241 U.S. 119, 132 (1916)). The Circuit further elucidated that the "causation analysis requires the plaintiff to establish what damage would have occurred without government action." *Id.* at 14. In attempting to show causation, a takings plaintiff cannot focus on "isolated government actions." *Id.* at 16. A plaintiff must, instead, prove that his property flooded more than it would have flooded without *any* government action. *Id.* at 15-16. The Circuit rejected the *St. Bernard Parish* plaintiffs' claim because they "failed to take account of other government actions—specifically the [Lake Pontchartrain and Vicinity Hurricane Protection Project] LPV project including the construction of a vast system of levees to protect against hurricane damage—that mitigated the impact of MRGO and may well have placed the plaintiffs in a better position than if the government had taken no action at all." *Id.* at 15.

The *St. Bernard Parish* decision is directly applicable here and requires Plaintiffs to prove that the "entirety of the government actions" caused the flooding during Hurricane Harvey. *Id.* at 16. But here, the "entirety of the government actions" includes construction of two massive reservoirs, which prevented hundreds of thousands of acre-feet of water from inundating the downstream properties, including the downstream Plaintiffs in this case. Plaintiffs cannot make such a showing, but, more important for purposes of the pending motion to dismiss, Plaintiffs have not even raised such an allegation in their operative complaint. Instead, Plaintiffs' operative complaint focuses on an isolated act, considered completely out of context;

3

according to Plaintiffs, the Corps "intentionally opened the floodgates of the Addicks and Barker Reservoirs, releasing large quantities of water that had accumulated during Hurricane Harvey." Pls.' Consolidated & Am. Downstream Master Compl. ¶ 1, ECF No. 23.  Plaintiffs allege their properties flooded "[a]s a result of the Corps' release of the Addicks and Barker Reservoirs," but, to withstand a motion to dismiss, Plaintiffs must allege that the existence and operation of the reservoirs caused their properties to flood.  *Id.  See also id.* at ¶ 66 (describing how the "releases" caused the flooding).  As explained in the pending motion to dismiss, Plaintiffs' allegations, therefore, fail to state a claim upon which relief can be granted and their complaint should, therefore, be dismissed.

The parties are currently engaged in a massive and extraordinarily costly discovery and expedited pre-trial process.  The Federal Circuit's *St. Bernard Parish* decision demonstrates that Plaintiffs failed to state a claim upon which relief can be granted.  In light of the Circuit's decision, the United States requests that the Court reconsider its decision to defer ruling on the motion to dismiss, stay discovery and pre-trial proceedings, and resolve this dispositive motion at the earliest possible opportunity.

Respectfully submitted May 17, 2018,

                                              Respectfully submitted,

                                              JEFFREY H. WOOD
                                              Acting Assistant Attorney General
                                              Environment & Natural Resources Division

                                              */s/ Jacqueline Brown*
                                              JACQUELINE C. BROWN
                                              Senior Trial Attorney
                                              LAURA W. DUNCAN
                                              SARAH IZFAR
                                              JESSICA HELD
                                              DANIEL W. DOOHER
                                              BRADLEY L. LEVINE
                                              Trial Attorneys

United States Department of Justice
Environment & Natural Resources Division
Post Office Box 7611
Washington, D.C. 20044-7611
Tel:  (202) 305-0481
Fax:  (202) 305-0506
E-mail:  jacqueline.c.brown@usdoj.gov
         laura.duncan@usdoj.gov
         sarah.izfar@usdoj.gov
         jessica.held@usdoj.gov
         daniel.dooher@usdoj.gov
         bradley.levine@usdoj.gov

WILLIAM J. SHAPIRO
Senior Trial Attorney
Natural Resources Section
United States Department of Justice
Environment & Natural Resources Division
501 I Street, Suite 9-700
Sacramento, CA 95814
Tel: 916-930-2207
Fax: 916-930-2210
E-Mail: william.shapiro@usdoj.gov

Counsel for the United States