# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

*Electronically filed on February 11, 2019*

|  |  |  |
|---|---|---|
| IN RE DOWNSTREAM ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS | ) ) ) ) ) | Sub-Master Docket No. 17-cv-9002L |
|  | ) | Senior Judge Loren A. Smith |
| THIS DOCUMENT RELATES TO: | ) ) ) | |
| *American Home Assurance Co., et al. v. United States,* *No. 18-cv-00144* | ) ) ) ) | |

## UNITED STATES' OPPOSITION TO PLAINTIFF INSURERS' MOTION TO TEMPORARILY LIFT ADMINISTRATIVE STAY

**TABLE OF CONTENTS**

Introduction .................................................................................................................... 1

Argument ........................................................................................................................ 2

    I.     The Court Should Not Reconsider Its Prior Decision Not to Appoint
          Plaintiff Insurers to the Co-Lead Counsel Group .................................................. 2

    II.    Plaintiff Insurers Likely Have No Valid Takings Claims....................................... 3

    III.   Plaintiff Insurers and Plaintiff Co-Lead Counsel Should Handle Any
          Document Sharing Dispute Without Disruption of the Underlying Case............... 5

Conclusion ...................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Am. Contractors Indem. Co. v. United States*,
   82 Fed. Cl. 774 (2008) ................................................................................................... 3

*Haggart v. United States*,
   133 Fed. Cl. 568 (2017) ................................................................................................. 3

*Innovair Aviation, Ltd. v. United States*,
   83 Fed. Cl. 105 (2008) ................................................................................................... 3

**Rules**

RCFC 59(a)(1) ..................................................................................................................... 3

## INTRODUCTION

The United States opposes the Plaintiff Insurers' January 28, 2019 motion to lift the administrative stay to allow filing of various other motions (the "Motion").[1]  In particular, Plaintiff Insurers seek reconsideration of the Court's prior order denying Plaintiff Insurers' request to be appointed to the Co-Lead Counsel group, and further request that a second insurer lawyer be appointed to that group.  *See* Motion 4.  Plaintiff Insurers also ask the Court to order the other Co-Lead Counsel to give Plaintiff Insurers complete access to all discovery exchanged to date.  *Id*.  In connection with their request for discovery materials, the Plaintiff Insurers suggest that the Court should reconsider entirely the possibility of test case trials.

The United States opposes any reconfiguration of the Plaintiffs' Co-Lead Counsel group at this time.  Both the Upstream and Downstream dockets were placed on schedules that provided for the selection of test properties, and fact and expert discovery as to the claims involving those test properties, followed by further briefing or trial.  In this Downstream action, fact liability has closed and expert reports have been exchanged.  The Court has set a telephone status conference to discuss further proceedings on February 12, 2019.  As a result of the administrative stay of all non-test property claims, the Court has not addressed whether it has jurisdiction over the claims that the Plaintiff Insurers seek to advance in the context of this Fifth Amendment takings action.  The United States submits that it may be premature to consider the Plaintiff Insurers' pending motion to be appointed as a co-lead counsel until further consideration is given to that jurisdictional question.  The United States also specifically opposes Plaintiff Insurers' related suggestion that the Court should abandon the test case approach

---

[1] *See* Plaintiff Insurers' Mot. to Temporarily Lift Administrative Stay & for Leave to File Mot. for Recons. Regarding Todd B. Denenberg as Downstream Co-Lead Counsel for Subrogated Insurers, Mot. Regarding Paul B. Hines as Downstream Co-Lead Counsel for Subrogated Insurers, & Mot. for Enforcement of Discovery Orders (ECF No. 156).

previously adopted by the Court.  Plaintiff Insurers have presented no reasons for such a

dramatic change in approach, nor do they offer any alternative.

The United States takes no position on Plaintiff Insurers' request for sharing of discovery

materials, other than to insist that any such sharing comply with all applicable confidentiality

requirements, and to note the incongruity of a demand for discovery in an appropriately stayed

case where threshold jurisdictional questions are unresolved.

For the reasons described in this opposition, this Court should deny Plaintiff Insurers'

request to lift the administrative stay at this time.

## ARGUMENT

### I.     The Court Should Not Reconsider Its Prior Decision Not to Appoint Plaintiff Insurers to the Co-Lead Counsel Group

More than a year ago, the Court rejected the Plaintiff Insurers' prior motion seeking to

inject their counsel into management of this case, finding that Plaintiff Insurers' counsel are not

needed as co-lead counsel: "Downstream Co-Lead Counsel adequately represent the interests of

all plaintiffs with downstream claims, including the Plaintiff Insurers."  Order Denying Mot. to

Lift Administrative Stay & for Leave to File Mot. for Todd B. Denenberg to be Appointed

Downstream Lead Counsel for Subrogated Insurers 3 (ECF No. 39).  The Court further found

that "[t]he issues raised in Plaintiff Insurers' February 5, 2018 Motion concerning 'potential'

conflicts of interest and concerns about the disclosure of 'non-discoverable information' have no

bearing on these pre-trial and jurisdictional issues."  *Id.*

Plaintiff Insurers do not meet the standard for reconsideration: "A motion for

reconsideration may be granted "for any reasons established by the rules of the common law or

equity applicable as between parties in the courts of the United States.  In order to prevail, the

movant must show 'a manifest error of law, or mistake of fact'.  In addition, a motion for

reconsideration may not be used as a guise to obtain a second bite of the litigation apple." *Innovair Aviation, Ltd. v. United States*, 83 Fed. Cl. 105, 107 (2008) (citations omitted). *See also* RCFC 59(a)(1); *Haggart v. United States*, 133 Fed. Cl. 568, 573 (2017); *Am. Contractors Indem. Co. v. United States*, 82 Fed. Cl. 774, 777-78 (2008).

Nothing about the circumstances of this case has changed in any way that justifies revisiting the Court's prior order.  Over the past year, the parties and the Court have focused on the designated downstream test properties and completing discovery with respect to those properties and only those properties.  Following the recent reassignment of this case and the suspension of the current schedule, the Court has scheduled a telephone status conference on February 12, 2019, to discuss further proceedings, which is to be followed by an in-court conference in Houston in March to finalize a schedule.  Plaintiff Insurers have not claimed any interest in any of these test properties, and therefore will have absolutely no role in the resolution of those claims.

Plaintiff Insurers also have not identified any prejudice resulting from the identity of Co-Lead Counsel.  Nor have Plaintiff Insurers identified any specific prejudice from Plaintiffs' document sharing dispute that might justify changing the composition of the Co-Lead Counsel group.  Thus, Plaintiff Insurers have provided no need or justification for inserting their counsel into the Co-Lead Counsel group at this juncture.

## II.     Plaintiff Insurers Likely Have No Valid Takings Claims

In support of their request for appointment to the Co-Lead Counsel group, Plaintiff Insurers make much of isolated comments from email correspondence, where Co-Lead Counsel questioned the legitimacy of Plaintiff Insurers' claims.  *See* Ex. B (ECF No. 156 at 24) ("I feel that the Court of Federal Claims has no jurisdiction to hear [Plaintiff Insurers'] derivative claims

…. ”); Ex. D (ECF No. 156 at 35) ("The Tucker Act provides a very narrow jurisdictional window for the CFC with no room in my opinion for expansion.").

Co-Lead Counsel's assessment of the flawed legal basis of the Plaintiff Insurers' claims in email exchanges provides no basis to reconsider the Court's prior ruling or insert Plaintiff Insurers' counsel into a case management role.  Plaintiff Insurers make no effort to explain how such an email exchange among counsel – which is before this Court only because of Plaintiff Insurers' Motion – has any bearing on the composition of the Co-Lead Counsel management group.

To be clear, the United States agrees that Plaintiff Insurers have no valid claim in this Court.  Plaintiff Insurers' position misapprehends the applicable Fifth Amendment takings principles at issue in this case.  Plaintiff Insurers purport to assert takings claims, but they admit that their claims arise from insurable property damage, not from a Fifth Amendment taking of property: "The subrogated actions before this Court are based upon payment for property damage made as required by insurance contracts between the subrogated insurers and their insureds." Ex. 1 (ECF No. 156 at 15).  The cases Plaintiff Insurers cite in their brief reflect insurers pursuing subrogation rights where their policyholders were in contractual arrangements with the United States.  But here, the Houston landowners on whose behalf the Plaintiff Insurers are seeking to recover were not in any contractual arrangement with the United States.  In any event, the Plaintiff Insurers' claims are fundamentally distinct from the landowner Plaintiffs' takings claims.

**III.     Plaintiff Insurers and Plaintiff Co-Lead Counsel Should Handle Any Document Sharing Dispute Without Disruption of the Underlying Case**

Plaintiff Insurers complain that the Co-Lead Counsel group has not provided all the discovery and expert documents the Plaintiff Insurers want.[2]  The United States takes no position on this discovery dispute among Plaintiffs, other than to note that any disclosure by Co-Lead Counsel must comply with all confidentiality limitations and other applicable procedures, and to further note the incongruity of Plaintiff Insurers' demand given that their case is stayed and that threshold jurisdictional issues remain unresolved.

## CONCLUSION

For the reasons discussed, this Court should deny Plaintiff Insurers' motion to lift the administrative stay to permit filing of Plaintiff Insurers' other motions.  To the extent Plaintiff Insurers wish to renew this motion, they should be permitted to do so only after the Court determines whether it has jurisdiction over the Insurers' claims and whether those claims are properly consolidated under the Master Docket.  Alternatively, if this Court permits Plaintiff Insurers to file their proposed motions, the United States requests leave to file opposition briefs, and proposes that such briefing be included in any scheduling order that results from the upcoming scheduling conferences.

Plaintiff Insurers also claim that "the possibility exists that the bellwether approach … may not be the most effective, efficient, or reliable method for determining liability." Motion ¶ 7.  However, Plaintiff Insurers offer no further explanation of that vague assertion.

---

[2] Plaintiff Insurers' Motion is not specific about what documents it claims to have been denied. Indeed, some of the extensive correspondence Plaintiff Insurers submitted with their Motion suggests that Co-Lead Counsel shared significant materials.  *See* Ex. B (ECF No. 156 at 25) ("I have no problem sharing our expert reports with you"); Ex. F (ECF No. 156 at 58) ("I talked with you, met with your partner, shared our discovery, shared our experts, shared their reports, listed the government's experts and provided case updates.").

Plaintiff Insurers seem to be offering this notional possibility of a hypothetical alternative approach as part of their justification for seeking documents from the Co-Lead Counsel group.

In any event, the United States opposes any effort to jettison entirely the test case approach that the parties have devoted the past several months to pursuing.  While the United States certainly has views on how this case should be managed most efficiently, and hopes those views will be addressed at the upcoming status conference, the United States does not support such a fundamental shift in approach at this juncture.

February 11, 2019                                             Respectfully submitted,

                                                                           JEAN E. WILLIAMS
                                                                           Deputy Assistant Attorney General
                                                                           Environment & Natural Resources Division

                                                                           By:   /s/ Kristine S. Tardiff
                                                                           DAVID A. HARRINGTON
                                                                           JACQUELINE C. BROWN
                                                                           WILLIAM J. SHAPIRO
                                                                           KRISTINE S. TARDIFF
                                                                           LAURA W. DUNCAN
                                                                           SARAH IZFAR
                                                                           JESSICA HELD
                                                                           DANIEL W. DOOHER
                                                                           BRADLEY L. LEVINE
                                                                           Trial Attorneys
                                                                           United States Department of Justice
                                                                           Environment & Natural Resources Division
                                                                           Post Office Box 7611
                                                                           Washington, D.C. 20044-7611
                                                                           Tel:  (202) 305-0244
                                                                           Fax: (202) 305-0506
                                                                           E-mail: Kristine.tardiff@usdoj.gov

                                                                           Counsel for the United States