# In the United States Court of Federal Claims

| | |
|---|---|
| In re ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS | |
| THIS DOCUMENT APPLIES TO:<br><br>NO. 17-1191L<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Sub-Master Docket No. 17-9002L |

**PLAINTIFF TIMOTHY STAHL'S REPLY TO THE GOVERNMENT'S OPPOSITION TO MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

COMES NOW Plaintiff, Timothy Stahl ("Mr. Stahl"), and files this Reply to the Government's Opposition to Motion for Voluntary Dismissal Without Prejudice (ECF 189):

**I.   Introduction**

On August 30, 2019, Mr. Stahl filed an Opposed Motion for Voluntary Dismissal Without Prejudice. (ECF 188).

On September 10, 2019, the government filed an Opposition to Plaintiff Timothy Stahl's Motion for Voluntary Dismissal Without Prejudice. (ECF 189). The government states that it does not oppose dismissal of Mr. Stahl as a plaintiff, but opposes the dismissal without prejudice. (*Id.* at 1).

## II.  Argument

The Court possesses latitude in determining whether dismissal should be with or without prejudice. *Klamath Irrigation District v. United States*, 116 Fed. Cl. 117, 119 (2014). In the Court of Federal Claims, three (3) factors predominate whether dismissal without prejudice is appropriate: (1) the burden on the defendant if the case is dismissed without prejudice; (2) progress of the litigation; and (3) diligence and good faith of the plaintiff. *Id.* (citations omitted). Under the first factor, the Court considers the impact on the defendant if dismissal is not sought until the defendant has exerted significant time and effort. *Id.* Under the second factor, the Court considers the stage of the litigation. *Id.* Under the third factor, the Court looks to whether there is evidence of purposeful delay, neglect, or plaintiff seeking a tactical advantage. *Id.* The government states that each factor weighs in favor of dismissing Mr. Stahl with prejudice. (ECF 189, p. 6). However, as set forth in his opening Motion (ECF 188), the factors heavily weigh in favor of dismissing Mr. Stahl without prejudice:

### a.   **Progress of Litigation**[1]

Mr. Stahl reiterates that this case is in the summary judgment stage, still five (5) months away from trial, and that the prejudicial effect, if any, of dismissing Mr. Stahl without prejudice is minimal, considering the current stage of litigation. (ECF 188, p. 2).

The government states that the litigation has progressed to an advanced stage, referencing the conclusion of fact discovery on Mr. Stahl's claim, expert reports addressing Mr. Stahl's property, and cross-motions for summary judgment. (ECF 189, p. 7). Mr. Stahl brought his Motion for Voluntary Dismissal after fact discovery concluded and the expert report was inconclusive as to the source of the water that caused damage to his property. (*See* Pls.' Summ.

---

[1]   To properly reply to the government's response, the first (burden on defendant) and second (progress of litigation) factors are addressed out of order.

J. App'x at A1772). The fact that Mr. Stahl seeks voluntary dismissal after the conclusion of fact discovery and exchange of expert reports should not be weighed against him—he could not possibly have moved to dismiss his claims based on what was unknown, before fact discovery or expert reports were concluded.

The progress of litigation factor weighs in favor of dismissal without prejudice.

### b.     Burden on Defendant

Mr. Stahl reiterates that this dismissal was sought as soon as practicable and reasonable and that the time and effort exerted by the government was not significant under the circumstances of this case. (ECF 188, p. 2). "Traditionally, Rule 41(a)(2) has been interpreted to allow a dismissal without prejudice 'unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit.'" *Fish v. United States*, 3 Cl. Ct. 188, 190 (1983) (citation omitted).

The government states that the progress of litigation demonstrates the "significant resources expanded" by the government in defending against Mr. Stahl's claim. (ECF 189, p. 7). However, as stated above, Mr. Stahl could not possibly have moved to dismiss his claims based on what was not known prior to the conclusion of fact discovery or expert reports. Furthermore, twelve (12) plaintiffs remain in this case—the burden on Defendant of dismissing one (1) test plaintiff at this stage in litigation without prejudice is minimal, if any. The government will not suffer—nor has it argued that it will suffer—plain prejudice other than the mere prospect of a second lawsuit. Moreover, the problem of proof does not mean that Mr. Stahl will not learn, at some later date, that the flooding of his property was due to government fault. The only thing it means at present is that no one was there to see it at the time, and an expert cannot reconstruct it with what the plaintiffs currently have. However, as the government knows, this does not erase

the fact that Mr. Stahl's property was one of those that the government intended to flood when it released the dams. (ECF 175, pp. 44-45). The burden on defendant factor weighs in favor of dismissal without prejudice.

### c. Diligence and Good Faith of Plaintiff

Mr. Stahl reiterates that there is no purposeful delay, neglect, or tactical advantage sought in this request for dismissal, and that this dismissal was sought as soon as practicable and reasonable. (ECF 188, p. 2). The government is not prejudiced by the dismissal of Mr. Stahl without prejudice; the remaining twelve (12) test plaintiffs are moving forward in this case. (*Id.*).

The government states that Plaintiff was not diligent in seeking dismissal of his claim and "the motion appears linked to the lack of proof on causation as to the Stahl claim." (ECF 189, p. 7). The government cites the Geosyntec Consultants, Inc. ("Geosyntec") expert report, which stated that "[n]o conclusions can be reached to a reasonable degree of scientific and engineering probability with respect to downstream test property #12 Stahl." (*Id.* (citing Pls.' Summ. J. App'x at A1772)). The government states that Mr. Stahl's Motion suggests that it is sought to avoid an adverse judgment on the merits of his claim. (*Id.* at 8).

Mr. Stahl does not seek to dismiss his claim to avoid an adverse judgment on the merits. The rule the government cites supporting dismissal with prejudice when a plaintiff moves dismissal during summary judgment provides that dismissal with prejudice is appropriate when plaintiff seeks to withdraw during a motion for summary judgment filed by the defendant. *See Deuterium Corp. v. United States*, 21 Cl. Ct. 132, 134 (1990). The cited rule does not provide guidance for a situation like the one here, where Defendants' summary judgment came as a cross-summary judgment after Plaintiffs' own motion for summary judgment. Given that the

Court has wide latitude in determining whether dismissal should be with or without prejudice, the Court should find dismissal without prejudice appropriate here.

Moreover, the Geosyntec report is inconclusive regarding whether water from a federal source caused Mr. Stahl's damage. The government appears to view this report as evidence that water from a federal source did not cause Mr. Stahl's damage. That is simply not what the report concludes. The report allows for the possibility that evidence tying the waters to a federal source may be found in the future. Dismissal with prejudice would foreclose Mr. Stahl's ability to vindicate any claim against the government should evidence of water from a federal source come to light.

The government also attempts to use the fact that Mr. Stahl's property was selected as a test case by the Plaintiffs to weigh in its favor. (ECF 189, p. 8). This should not weigh in the government's favor because Plaintiffs could not have known everything now known at the time test plaintiffs were selected. Plaintiffs moved to voluntarily dismiss Mr. Stahl after expert analysis—which did not exist at the time of selecting test plaintiffs—was returned inconclusive.

The diligence and good faith factor weighs in favor of dismissal without prejudice.

**III.   Conclusion**

For the foregoing reasons, Mr. Stahl respectfully requests that the Court grant his Motion and dismiss him from the suit without prejudice.

 Dated:  September 17, 2019.

Respectfully submitted,

_____
**NEEL, HOOPER & BANES, P.C.**
Bryant S. Banes
Texas State Bar No. 24035950
Federal ID No. 31149
Sean D. Forbes
Texas State Bar No. 24040916
Federal ID No. 603610
1800 West Loop South, Suite 1750
Houston, Texas  77027-3008
Tel:  (713) 629-1800
Fax:  (713) 629-1812
E-mail:  bbanes@nhblaw.com
E-mail:  sforbes@nhblaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this, the 17th day of September, 2019, a copy of the foregoing was filed electronically.  I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

KRISTINE TARDIFF
JACQUELINE C. BROWN WILLIAM J. SHAPIRO SARAH IZFAR
LAURA N. DUNCAN JESSICA HELD BRADLEY LEVINE DANIEL
W. DOOHER DAVID DAIN,
Trial Attorneys, Natural Resources Section United States Department of Justice Environment & Natural Resources Division
Email:  Kristine.tardiff@usdoj.gov
Jacqueline.c.brown@usdoj.gov William.Shapiro@usdoj.gov
Sarah.Izfar@usdoj.gov Laura.Duncan@usdoj.gov
Jessica.Held@usdoj.gov Bradley.Levine@usdoj.gov
Daniel.Dooher@usdoj.gov David.Dain@usdoj.gov
*Attorneys for the United States*

_____
Bryant Banes