IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| IN RE DOWNSTREAM ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS | ) ) ) ) ) ) ) ) ) ) ) | Sub-Master Docket No. 17-cv-9002L<br><br>Judge Loren A. Smith<br><br>Electronically filed January 2, 2020 |
| THIS DOCUMENT RELATES TO:<br><br>ALL DOWNSTREAM CASES | | |

**UNITED STATES' RESPONSE TO PLAINTIFFS'**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

The United States submits this response to Plaintiffs' Notice of Supplemental Authority filed on December 19, 2017. Pls.' Notice of Supp. Auth., ECF 198 (Pls.' Notice). The notice concerns the interlocutory post-trial opinion recently issued in *In re Addicks and Barker (Texas) Flood-Control Reservoirs (Upstream)*. No. 17-9001L, ECF 260 (Fed. Cl. Dec. 17, 2019) (Upstream Opinion). Plaintiffs' selective summary of the Upstream Opinion acknowledges that the opinion addresses the element of causation. Pls.' Notice at 3 n.1. Specifically, the Upstream Opinion states that,

> "In order to establish causation, a plaintiff must show that in the ordinary course of events, absent government action, plaintiffs would not have suffered the injury." *St. Bernard Par. Gov't v. United States*, 887 F.3d 1354, 1362 (Fed. Cir. 2018). Additionally, "the causation analysis must consider the impact of the entirety of government actions that address the relevant risk." *Id.* at 1364. Therefore, the relevant question here is whether flooding on plaintiffs' properties would have occurred but for the government's actions regarding Addicks and Barker.

Upstream Opinion at 37. In applying this legal test for establishing causation, the Upstream Court compared the actual flooding during Hurricane Harvey with the flooding that would have occurred during that storm if the United States had not built the dams. Thus, as Judge Lettow recognized in the Upstream case, legal causation requires the Court to compare the actual

1

flooding that occurred with the flooding that would have occurred if the government had not constructed the project. *Id*. at 37-39. Plaintiffs here have not prepared any such evidence and have instead pursued a legally flawed causation theory focused on some of the isolated actions the Corps took in 2017. Plaintiffs' failure of proof means they cannot succeed on their claims and judgment should be entered in favor of the United States.

Notably, the Upstream Court's articulation of the legal standard or test for proving causation cites to and follows the Federal Circuit's precedential decision in *St. Bernard Parish*.[1] Upstream Opinion at 37. The same causation standard applies in this case and is the only issue the Court needs to address to resolve the United States' Cross-Motion for Summary Judgment, ECF 184-1. Upstream Opinion 37. Plaintiffs assert, without explanation, that a different causation analysis is warranted because their claims are based on a different invasion. Pls.' Notice at 3, n.1. Plaintiffs are incorrect. The same legal causation standard applies even though Plaintiffs' properties are located downstream of the dams. *See* United States' Reply to its Cross-Motion for Summary Judgment at 1-8, ECF 194.

The remainder of Plaintiffs' Notice cites selected portions of the Upstream Opinion that involve claim-specific findings related to the Court's multi-factor liability analysis based on *Arkansas Game & Fish Commission v. United States*, 568 U.S. 32 (2012). These cited findings are generally inapplicable to the claims presently at issue in this Downstream action, and are not material or relevant to the causation analysis.

---

[1] Although the Upstream Opinion is not binding on this Court, and the United States reserves the right to seek further review of the Upstream Opinion's findings of fact and conclusions of law, the legal causation standard articulated is consistent with binding case law.

Dated: January 2, 2020

    Respectfully submitted,

    JEAN E. WILLIAMS
    Deputy Assistant Attorney General
    United States Department of Justice
    Environment & Natural Resources Division

    *s/ Kristine S. Tardiff*
    KRISTINE S. TARDIFF
    WILLIAM J. SHAPIRO
    LAURA W. DUNCAN
    SARAH IZFAR
    Trial Attorneys
    United States Department of Justice
    Environment & Natural Resources Division
    53 Pleasant Street
    Concord, NH 03301
    603-230-2583 (office)
    kristine.tardiff@usdoj.gov

    *Counsel for the United States*