# In the United States Court of Federal Claims

No. 17-9002
Filed: March 13, 2020

|  |  |
|---|---|
| IN RE DOWNSTREAM ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS | ) ) ) ) ) |
| THIS DOCUMENT APPLIES TO: ALL DOWNSTREAM CASES | ) ) ) ) ) |

**SCHEDULING ORDER AND ORDER TO SHOW CAUSE**

      On March 10, 2020, the Court held a telephonic status conference to discuss the process for entering judgment and to determine how this case should proceed. During that conference, the Court indicated that this case is ripe for dismissal, but that the Court wishes to determine whether any outstanding legal issues remain that were not resolved by the Court's February 18, 2020 Opinion and Order. Consistent with that conference, the Court adopts the following schedule:

1. On or before June 10, 2020, any plaintiff with a currently-stayed case that believes it has a claim that was not resolved by the Court's February 18, 2020 Opinion and Order shall **SHOW CAUSE** as to why its case should not be dismissed. Any response to this Order to Show Cause shall be filed in the sub-master docket (No. 17-9002) and shall include the case name and number associated with that claim. Moreover, any response to this Order shall fully enumerate—with clarity and specificity—how that claim is different from the previously adjudicated claims, and why the February 18, 2020 Opinion and Order left that claim unresolved.

    This Order to Show Cause applies exclusively to the cases that were previously stayed in favor of a "Test Property" approach. While the Court specifically dealt with the fourteen test properties in its February 18, 2020 Opinion and Order, it appears the same principles govern all cases covered by the Downstream Sub-Master Docket. However, in the interests of justice, the Court is permitting stayed, non-test property plaintiffs to provide an explanation for how their case is legally distinguishable from those already adjudicated under the Court's Opinion and Order and, as a result, should not yet be dismissed.

2. On or before July 10, 2020, defendant shall file its Response to any legally distinguishable issues presented by plaintiffs in the currently-stayed cases.

In order to ensure that all plaintiffs are equally apprised of the status of the Downstream Sub-Master Docket, any plaintiffs that need additional information regarding this Order may contact one or more of the following Co-Lead Counsel attorneys:

| | |
|---|---|
| William S. Consovoy<br>Consovoy McCarthy PLLC<br>will@consovoymccarthy.com<br>703.243.9423 | Rand P. Nolen<br>Fleming, Nolen & Jez, L.L.P.<br>rand_nolen@fleming-law.com<br>713.621.7944 |
| Jack E. McGehee<br>McGehee, Chang, Barnes, Landgraf<br>txlaw@lawtx.com<br>713.864.400 | Derek H. Potts<br>Potts Law Firm, LLP<br>dpotts@potts-law.com<br>71.963.0881 |
| Richard W. Mithoff, Jr.<br>Mithoff Law<br>rmithoff@mithofflaw.com<br>713.654.1122 | David C. Frederick<br>Kellogg, Hansen, Todd, Figel &<br>Frederick, P.L.L.C<br>dfrederick@kellogghansen.com<br>202.326.7900 |

Finally, the Court shall conduct a telephonic status conference on Monday, March 30, 2020 at 2:30 p.m. (EDT), regarding the above.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge