# In the United States Court of Federal Claims

No. 17-9002

Filed: August 21, 2020

|  |  |
|---|---|
| IN RE DOWNSTREAM ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS <br><br> THIS DOCUMENT APPLIES TO: <br><br> No. 17-1191 | ) ) ) ) ) ) ) ) ) ) ) <br><br> Fifth Amendment Taking; Motion to Voluntarily Dismiss; RCFC 41(a)(2); Test Property; Dismissal with Prejudice. |

*Bryant S. Banes*, Neel, Hooper & Banes, PC, Houston, TX, for plaintiffs.

*Kristine Sears Tardiff*, U.S. Department of Justice, Environment & Natural Resources Division, for defendant.

**OPINION AND ORDER**

***SMITH*, Senior Judge**

Before the Court is plaintiff Timothy Stahl's Motion for Voluntary Dismissal pursuant to Rule 41(a)(2) of the Rules of the Court of Federal Claims ("RCFC"). Plaintiff, Timothy Stahl's Opposed Motion for Voluntary Dismissal Without Prejudice, ECF No. 188 [hereinafter Pl.'s Mot.].[1] Plaintiff, whose property was previously selected as one of fourteen test properties in the Consolidated and Amended Downstream Master Complaint in the Downstream Sub-Docket (No. 17-9002), requests that the Court grant dismissal without prejudice. Pl.'s Mot. at 1; Order Regarding Test Property Selection at 1–2, ECF No. 81. Moreover, plaintiff asks that the dismissal have "no impact or effect on the claims brought by any other Plaintiff in this matter." Pl.'s Mot. at 1.

On September 10, 2019, defendant filed its Response to plaintiff's Motion, arguing that Mr. Stahl's claim should be dismissed with prejudice, as the motion "comes months after the completion of fact discovery and the exchange of expert reports, and following [defendant's] cross-motion for summary judgment." United States' Opposition to Plaintiff Timothy Stahl's Motion for Voluntary Dismissal Without Prejudice at 1, 9, ECF No. 189 [hereinafter Def.'s Resp.]. Mr. Stahl filed his Reply on September 17, 2019, reiterating his arguments in support of why the Court should grant his Motion without prejudice. Plaintiff Timothy Stahl's Reply to the Government's Opposition to Motion for Voluntary Dismissal Without Prejudice, ECF No. 191

---

[1] Unless otherwise indicated, all references to ECF filings refer exclusively to filings in the Downstream Sub-Docket, No. 17-9002.

[hereinafter Pl.'s Reply].  Plaintiff's Motion is now fully briefed and ripe for review.  For the reasons set forth below, Mr. Stahl's Motion for Voluntary Dismissal is granted-in-part and denied-in-part.

**I.        Background**

In September of 2017, property owners in the Houston area began filing complaints with this Court, alleging that the flooding that occurred during or immediately following Hurricane Harvey constituted an unconstitutional taking of their property.  Given the influx of directly-related filings, this Court joined all related cases under a Master Docket (No. 17-3000), which it then bifurcated into an Upstream Sub-Docket (No. 17-9001) and a Downstream Sub-Docket (No. 17-9002).  Order Severing Upstream Claims and Downstream Claims into Two Separate Dockets at 2, *In Re Addicks and Barker (Texas) Flood-Control Reservoirs v. United States* (No. 17-3000), ECF No. 102.  On January 16, 2018, the "Representative Class Plaintiffs" in the Downstream Sub-Docket filed an Amended Complaint to serve as the "Master Complaint" in that Sub-Docket.  Consolidated and Amended Downstream Master Complaint at 1–2, ECF No. 23 [hereinafter Am. Compl.].  To further streamline litigation, the Court subsequently designated a group of test properties and administratively stayed all complaints other than the "Master Complaint."  Case Management Order No. 5, ECF No. 27; Order Regarding Test Property Selection, ECF No 81.  On July 7, 2020, Chief Judge Sweeney issued identical orders in the Master Docket, the Upstream Sub-Docket, and the Downstream Sub-Docket, directing the closure of the Master Docket.  Order at 1, *In Re Addicks and Barker (Texas) Flood-Control Reservoirs v. United States* (No. 17-3000), ECF No. 146; Order at 1, *In Re Addicks and Barker (Texas) Flood-Control Reservoirs v. United States* (No. 17-1901), ECF No. 312; Order at 1, ECF No. 230.  Those Orders further directed that "all future filings in the consolidated downstream cases . . . continue to be made in Sub-Master Docket No. 17-9002" and reassigned "each individual downstream case" to Senior Judge Smith.  *E.g.*, Order at 1, *In Re Addicks and Barker (Texas) Flood-Control Reservoirs v. United States* (No. 17-3000), ECF No. 146.

On December 11, 2019, the Court held Oral Argument in Houston, Texas, on both defendant's Motion to Dismiss and the parties' Cross-Motions for Summary Judgment.  On February 18, 2020, the Court issued an Opinion and Order granting both defendant's Motion to Dismiss and defendant's Cross-Motion for Summary Judgment in the Downstream Sub-Docket.  *See* Opinion and Order, ECF No. 203.  In an effort "to determine whether any outstanding legal issues remain that were not resolved by that Opinion and Order," the Court issued a Scheduling Order and Order to Show Cause ("Show Cause Order") on March 13, 2020, providing "any plaintiff with a currently-stayed case that believes it has a claim that was not resolved by the Court's February 18, 2020 Opinion and Order [the opportunity to] show cause as to why its case should not be dismissed."  Scheduling Order and Order to Show Cause at 1, ECF No. 208 (emphasis omitted).  Defendant was similarly afforded the opportunity to file a reply to any such response(s).  *Id.* at 2.

**II.       Standard of Review**

This Court's jurisdictional grant is found primarily in the Tucker Act, which gives this Court the power "to render judgment upon any claim against the United States founded either

upon the Constitution, or any Act of Congress or any regulation of an executive department, . . . or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2018).  The Tucker Act is "merely a jurisdictional statute," however, as it "does not create any substantive right enforceable against the United States for money damages." *Rick's Mushroom Serv. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (citing *United States v. Testan*, 424 U.S. 392, 398 (1976)).  Thus, to fall within the scope of the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (first citing *Mitchell v. United States*, 463 U.S. 206, 216 (1983); and then citing *Testan*, 424 U.S. at 398).

RCFC 41(a) governs the Court's dismissal of actions.  Where an action does not fall within RCFC 41(a)(1), RCFC 41(a)(2) provides the following:

> [A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  If the defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

The Federal Circuit has interpreted the language of RCFC 41(a)(2) to provide this Court with "some discretion in issuing [an] order, including the authority to dismiss with prejudice." *Ilaw v. United States*, 632 Fed. App'x 614, 618 (Fed. Cir. 2015) (citing *Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments*, 479 F.3d 1330, 1336 (Fed. Cir. 2007) ("Rule 41(a)(2) gives courts discretion in deciding whether to grant a plaintiff's motion to voluntarily dismiss and whether to impose terms and conditions in granting such a motion.")).

**III.     Discussion**

In reviewing a plaintiff's RCFC 41(a)(2) Motion for Voluntarily Dismissal, the Court must decide whether dismissal will be granted with or without prejudice. *See Fala Corp. v. United States*, 53 Fed. Cl. 90, 91 (2002) ("This Court has considerable discretion in deciding whether to dismiss a case with or without prejudice.").  Though there is no precise formula for determining whether to dismiss a claim with prejudice, this Court has implemented the following three-factor test for making such a determination: "(1) the burden on the defendant if the case were to be dismissed without prejudice; (2) the progress of the litigation; and (3) the diligence and good faith of the plaintiff." *Klamath Irrig. Dist. v. United States*, 116 Fed. Cl. 117, 119 (2014) (first citing *Freeman v. United States*, 98 Fed. Cl. 360, 368 (2011); then citing *Standard Space Platforms Corp. v. United States*, 38 Fed. Cl. 461, 466 (1997); and then citing *Deuterium Corp. v. United States*, 21 Cl. Ct. 132, 134 (1984)).

Under the first factor, the Court must consider "the impact on [the] defendant if the dismissal is not sought until after the defendant has exerted significant time and effort." *Id.*; *see Freeman*, 98 Fed. Cl. at 368.  Plaintiff contends that he sought dismissal "as soon as practicable and reasonable." Pl.'s Mot. at 2.  Additionally, plaintiff claims that, as he is just one of several test property owners, defendant has not exerted significant time and effort in responding to his

specific claim, and that prejudice to the defendant is therefore minimal.  Pl.'s Mot. at 2; *see also* Pl.'s Reply at 3.  Rather, plaintiff asserts that the only prejudice defendant would face is the prospect of relitigating plaintiff's claim, which, according to plaintiff, is not by itself sufficient for a claim to be dismissed with prejudice.  *See* Pl.'s Reply at 3 (quoting *Fish v. United States*, 3 Cl. Ct. 188, 190 (1982)).  In its Response, defendant claims that the United States has expended "significant resources" in responding to plaintiff's claim.  Def.'s Resp. at 6–7.  In support of that assertion, defendant contends that "[t]his litigation, including the adjudication of Mr. Stahl's claim as a test property, has progressed to an advanced stage," as "[t]he parties have completed fact discovery as to this claim, exchanged expert reports addressing that property, and filed cross-motions for summary judgment that include the Stahl claim."  *See id.* at 7.

This Court's predecessor, the Claims Court, has explained that "[f]ederal courts often grant a motion to withdraw with prejudice where defendant has incurred great time and expense in preparing for trial."  *Deuterium*, 21 Cl. Ct. at 134 (citing, *e.g.*, *Alumni Ass'n of Univ. of N.C., Inc. v. United States,* 223 Ct. Cl. 765 (1980)).  Further the Claims Court held that, when analyzing the time and resources expended by the parties, "[d]ismissal with prejudice [pursuant to RCFC 41] is particularly appropriate where [the] plaintiff moves to withdraw during the pendency of a summary judgment motion filed by defendant."  *See id.* at 134–35 (citing, *e.g.*, *Pace v. S. Express Co.*, 409 F.2d 331 (7th Cir. 1969)).  Though defendant slightly conflates its factor one and factor two arguments, the Court agrees that the parties have expended significant time and resources in litigating Mr. Stahl's claim, particularly given Mr. Stahl's designation as a test property plaintiff.  As such, the first factor weighs in favor of defendant.

The second factor looks to the "progress of the litigation."  *Klamath*, 116 Fed. Cl. at 119.  Dismissal with prejudice has been found appropriate "where there have been extensive proceedings with a trial clearly in sight."  *Deuterium*, 21 Cl. Ct. at 135 (first citing *Ferguson v. Eakle*, 492 F.2d 26 (3rd Cir. 1974); and then citing *Rollison v. Wash. Nat'l Ins. Co.*, 176 F.2d 364 (4th Cir. 1949)).  In this case, plaintiff filed his Motion for Voluntary Dismissal on August 30, 2019, nearly one and a half years after the Master Complaint was filed with this Court, on January 16, 2018.  *Compare* Pl.'s Mot., *with* Am. Compl.  Moreover, plaintiff filed his Motion after the conclusion of fact discovery and exchange of expert reports.  Furthermore, plaintiff filed his Motion when briefing was already underway on the parties' Cross-Motions for Summary Judgment.  As litigation is now complete, and as plaintiff filed his Motion for Voluntary Dismissal so late in the process, factor two weighs in favor of defendant.

The final factor requires that the Court determine why a plaintiff seeks dismissal and "whether there is any evidence of neglect, purposeful delay[,] or other pursuit of tactical advantage by a plaintiff."  *Klamath*, 116 Fed. Cl. at 119 (citing *Whyde v. United States*, 51 Fed. Cl. 635, 637 (2002)).  The Court may justify dismissal with prejudice if it finds there is an "insufficient explanation" given by the plaintiff and granting the dismissal "deprive[s] [the] defendant of a ruling on a dispositive motion.'"  *Standard Space*, 38 Fed. Cl. at 469 (quoting *Deuterium*, 21 Cl. Ct. at 135).  Plaintiff contends that "there is no purposeful delay, neglect, or tactical advantage sought in this request for dismissal, and that this dismissal was sought as soon as practicable and reasonable."  Pl.'s Reply at 4; *see also* Pl.'s Mot. at 2.  The Court, however, concludes that the timing of plaintiff's Motion is facially suspect.  Plaintiff's Motion comes after the conclusion of fact and expert discovery, and just two months after the parties filed

cross-motions for summary judgment. Additionally, plaintiff fails to give any explanation for why he waited until after the parties filed cross-motions for summary judgment to file his Motion for Voluntary Dismissal, instead providing only a blanket statement that there is "no purposeful delay, neglect, or tactical advantage being sought." *See* Pl.'s Motion at 2. Thus, plaintiff's Motion appears to be an attempt to both save his claim and avoid a dispositive ruling in favor of defendant. The Court therefore concludes that plaintiff's Motion was filed neither diligently nor in good faith and, as such, concludes that the third factor weighs in favor of defendant.

As plaintiff failed to persuade the Court that his Motion for Voluntary Dismissal warrants a dismissal without prejudice, the Court dismisses plaintiff's claim with prejudice.

## IV.     Conclusion

For the reasons set forth above, plaintiff Timothy Stahl's MOTION for Voluntary Dismissal is hereby **GRANTED-IN-PART** and **DENIED-IN-PART**. Accordingly, Timothy Stahl's Complaint is hereby **DISMISSED with prejudice** pursuant to RCFC 41(a)(2). The Clerk is directed to enter judgment consistent with this Opinion and Order.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge