IN THE UNITED STATES COURT OF FEDERAL CLAIMS

*Electronically filed January 24, 2023*

| | |
|---|---|
| IN RE DOWNSTREAM ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS ) ) ) ) ) THIS DOCUMENT RELATES TO: ) ) *Abed-Stephen*, Case No. 19-782L ) ) *Alford*, Case No. 19-807L ) ) *Allen*, Case No. 19-1924L ) ) *Ashby*, Case No. 19-1266L ) ) *Darby*, Case No. 19-1063L ) ) *Salo*, Case No. 17-1194L ) ) *Williamson*, Case No. 17-1456L ) ) | Master Docket No. 17-9002  Senior Judge Loren A. Smith |

**UNITED STATES' MOTION TO STRIKE STAYED PLAINTIFFS' RESPONSE TO THE UNITED STATES' (CORRECTED) MOTION FOR SUMMARY JUDGMENT**

There are approximately 195 individual cases and over 3,000 claims that are part of the Downstream Sub-Docket established by the Court. Following remand from the Federal Circuit, these cases have been re-consolidated for post-appeal management. Summary judgment briefing is underway as to the claims of twelve bellwether plaintiffs. All other claims are administratively stayed at this time. A group of 189 downstream plaintiffs whose claims are administratively stayed ("Stayed Plaintiffs") has now filed a "response" to the United States' Motion for Summary Judgment without seeking leave of the Court. Stayed Pls.' Resp., ECF No. 265 (Jan. 10, 2023). For the reasons set forth below, the Stayed Plaintiffs' Response and attached exhibits should be stricken from the docket at this time as improperly filed, irrelevant to

1

the summary judgment briefing on the bellwether claims, and premature as to the claims of the Stayed Plaintiffs.

First, as the Stayed Plaintiffs acknowledge, their claims are administratively stayed. Stayed Pls.' Resp. at 1.  If the Stayed Plaintiffs seek to participate in the summary judgment briefing on the bellwether claims, they are required to file a motion to lift the stay for that purpose or a motion for leave, thereby allowing for responses to that motion to be filed before the Court issues an order.  *See* RCFC 7(b)(1) ("A request for a court order must be made by motion.").  The Stayed Plaintiffs failed to file such a motion, effectively bypassing the process established by this Court's rules.

Relatedly, even though the Stayed Plaintiffs' filing is captioned as a response to the United States' motion for summary judgment, most of the response is directed at criticizing the Court's case management orders and effectively asking the Court to reconsider those orders by arguing that these 189 stayed plaintiffs "should be allowed to prepare and present their claims for review."  Stayed Pls.' Resp. at 14.  These arguments are duplicative of arguments made by these same Stayed Plaintiffs in prior filings with this Court and with the Federal Circuit.  *See* Pls.' Resp. to Order to Show Cause, ECF No. 228 (June 22, 2020).[1]  *See also Milton v. United States*, No. 17-1235, Abed-Stephen Pls.' Resp. to U.S. and Milton Pls.' Joint Mot. for Status Conference and Proposal for Proceedings on Remand, ECF No. 37 (Fed. Cl. Sept. 13, 2022); *see also Milton v. United States*, No. 21-1131, Brief of Amici Curiae, 205 Stayed Non-Test Plaintiffs, ECF No. 36 (Fed. Cir. Mar. 15, 2021).  To the extent that the Stayed Plaintiffs seek to lift the stay of their claims or otherwise seek reconsideration of the Court's case management orders, the Court

---

[1] Plaintiffs' response to the Show Cause Order was also subsequently filed in each of the individual case dockets.  *See* Plaintiffs' Resp. to Order to Show Cause filed in Case No. 19-782, ECF No. 12; Case No. 19-807, ECF No. 11; Case No. 19-1924, ECF No. 10; Case No. 19-698, ECF No. 11; and Case No. 19-1063, ECF No. 11.

should strike their filing and direct them to file a motion that complies with RCFC 7(b)(1) and any other applicable rules.

Second, to the extent that the Stayed Plaintiffs' motion is considered a request for leave to participate in the summary judgment briefing, this request should be denied. The summary judgment schedule proposed by the United States and the re-appointed Lead Counsel for the Plaintiffs is expressly limited to the claims of the twelve remaining bellwether plaintiffs. *See* Joint Status Report, ECF No. 254 (Sept. 30, 2022). This is fully consistent with the case management orders in place both before and after the appeal, including the administrative stay of all non-bellwether claims. Notably, during the prior summary judgment proceedings, which were also limited to the bellwether claims, another stayed plaintiff sought to participate through amicus curiae filings with the Court. ECF No. 176 (June 27, 2019). The United States moved to strike that filing. ECF No. 178 (July 5, 2019). The Court granted the motion to strike, ECF No. 181 (July 24, 2019), and subsequently returned a second amicus brief as unfiled, ECF No. 182 (July 26, 2019). Because the Stayed Plaintiffs have offered no justification as to why they (or any of the other stayed plaintiffs) should be granted leave to submit briefs in summary judgment proceedings limited to the bellwether claims, the same remedy is warranted here.

Third, in their "response," the Stayed Plaintiffs raise concerns about whether an adverse summary judgment ruling on the bellwether claims will have preclusive effect as to their claims. The Stayed Plaintiffs argue in this regard that their claims are "legally distinguishable" from the bellwether claims, citing exhibits attached to their filing, and also raise due process concerns about the future resolution of their claims. These arguments, which they have raised in prior filings, are premature. As clearly stated in the docket, the United States' pending motion for summary judgment is limited to the bellwether claims, and there is no motion before the Court

on the Stayed Plaintiffs' claims.  Neither the Court nor the parties involved in the briefing on the bellwether claims have suggested that such a ruling would be applied to any stayed claims without providing those claimants with an opportunity to be heard.[2]

## CONCLUSION

For all of these reasons, the United States respectfully requests that the Court grant this motion to strike the Stayed Plaintiffs' Response to the United States' Motion for Summary Judgment, ECF No. 265, along with all exhibits filed with that response, ECF Nos. 265-1 through 265-5.

Dated:  January 24, 2023

Respectfully submitted,

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division

*s/ Kristine S. Tardiff*
KRISTINE S. TARDIFF
LAURA W. DUNCAN
FRANCES B. MORRIS
SAMUEL VICE
Trial Attorneys
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
Telephone:  603-230-2583
E-Mail:  kristine.tardiff@usdoj.gov

*Counsel for the United States*

---

[2] Indeed, in connection with the prior summary judgment proceedings, the Court provided all stayed plaintiffs with such an opportunity by issuing a Scheduling Order and Show Cause Order on March 13, 2020, ECF No. 208, to which the Stayed Plaintiffs responded.  Many of the arguments presented in the Stayed Plaintiffs' recently filed summary judgment "response" are identical to the arguments they previously made in their responses to the Show Cause Order.