IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| In re DOWNSTREAM ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS | )<br>)<br>)<br>)<br>) Sub-Master Docket No. 1:17-9002L |
| THIS DOCUMENT RELATES TO: | )<br>) Hon. Loren A. Smith |
| Abed-Stephen, Case No: 19-782L | ) |
| Alford, Case No: 19-807L | ) |
| Allen, Case No: 19-1924L | ) |
| Asghari, Case No: 19-698L | ) |
| Ashby, Case No: 19-1266L | ) |
| Darby, Case No: 19-1063L | ) |
| Salo, Case No: 17-1194L | ) |
| Williamson, Case No: 17-1456L | ) |

**Plaintiffs' Response to the United States' Motion to Strike Stayed Plaintiffs' Response to the United States' (Corrected) Motion for Summary Judgment**

The 189 Stayed Plaintiffs oppose the Government's Motion to Strike their Response to the United States' (Corrected) Motion for Summary Judgment because the Government's motion is nonresponsive to the issues raised in the Stayed Plaintiffs' response. Although the Government correctly acknowledges that the Stayed Plaintiffs have consistently endeavored throughout this litigation for an opportunity to have their

claims heard on the merits,[1] their claims remain frozen in place, presumably awaiting some unknown time in years hence—for their day in court.

While the Stayed Plaintiffs appreciate that there are numerous Plaintiffs and numerous claims before the Court, as the Stayed Plaintiffs noted in their Response (which the Government asks this Court to strike), there are recognized procedures for resolving claims with many parties, procedures that could afford due process to all the parties—not just a few.[2]

The Government points to no good reason the Stayed Plaintiffs' Response should be stricken. There is no evidentiary basis for the Motion. It is not a legal nor substantive basis that the Government disagrees with the points made by the Stayed Plaintiffs in their Response, and prefers to maintain the status quo. The status quo benefits the Defendant and disadvantages the Stayed Plaintiffs because it forces the majority of Plaintiffs to wait years for a trial, during which witnesses will undoubtably pass away, memories will fade, and evidence will decay. While this procedure benefits the Government, it is not a legitimate ground for striking the Stayed Plaintifffs' Response. Further, the Response

---

[1] *See* United States' Mot. to Strike Stayed Pls.' Resp. to the United States' (Corrected) Mot. for Summ. J. (Jan. 24, 2023), ECF No. 267 at 2.

[2] *See*, *e.g.*, Pl's Resp. to United States' Mot. for Summ. J. (Jan. 10, 2023), ECF No. 265 at 3 ("Chief among the available procedures is the Rule 23 class action, where the Court could have designated class representatives whose claims were typical of these plaintiffs' claims and appointed counsel to represent them in prosecuting those claims."); *see also id*. at 4 ("Or the Court might have managed these related cases under consented-to pretrial orders, as it did with more than 100 *Winstar*-related cases.") (citing *Plaintiffs in Winstar-Related Cases v. United States*, 37 Fed. Cl. 174 (1997)).

may well trigger, as the Government itself notes, the Court's consideration of "lift[ing of ]the stay"[3] or reconsideration of "its case management orders."[4]

The Stayed Plaintiffs further note that forbidding these parties to even address the Court—particularly after more than five years of this same prohibition—is a brutal way of enforcing the case management order. This is particularly true since Judge Sweeney's Amended Management Order No. 3 only consolidated pretrial activities,[5] and is the now reinstated order.[6] Summary judgment is far beyond "pretrial activities."

The Stayed Plaintiffs therefore ask this Court to deny the Government's Motion to Strike their Response to the United States' (Corrected) Motion for Summary Judgment.

Respectfully submitted,

s/ Nancie G. Marzulla
Nancie G. Marzulla
Roger J. Marzulla
MARZULLA LAW, LLC
1150 Connecticut Ave., NW,
Suite 1050
Washington, DC 20036
(202) 822-6760 (telephone)
roger@marzulla.com
nancie@marzulla.com

February 3, 2023                    Counsel for Stayed Plaintiffs

---

[3] *See* United States' Mot. to Strike Stayed Pls.' Resp. to the United States' (Corrected) Mot. for Summ. J. (Jan. 24, 2023), ECF No. 267 at 2.
[4] *Id*.
[5] Am. Management Order No. 3 (Jan. 8, 2019), ECF No. 153.
[6] Second Am. Management Order No. 3 (Sept. 28, 2022), ECF No. 253.

Of Counsel

William Fred Hagans
Hagans Montgomery Hagans
3200 Travis
4th Floor
Houston, TX 77006
713−222−2700
Fax: 713-547-4950
fhagans@hagans.law

Stephanie M. Taylor
Hagans Montgomery Hagans
3200 Travis
4th Floor
Houston, TX 77006
713−222−2700
Fax: 713-547-4950
staylor@hagans.law