# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| IN RE DOWNSTREAM ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS  ) ) ) ) | |
| _____ ) | Master Docket No. 17-9002 |
| THIS DOCUMENT RELATES TO: ) ) | |
| ALL DOWNSTREAM CASES ) ) _____ ) | Senior Judge Loren A. Smith |

## THE UNITED STATES' SUPPLEMENTAL BRIEF ON *ABLAN v. UNITED STATES*

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
BRIAN R. HERMAN
Senior Trial Attorney
AMBER DUTTON-BYNUM
GENEVIEVE GEIGER
Trial Attorneys
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 532-3278
Brian.Herman@usdoj.gov

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................ 1

BACKGROUND ......................................................................................................... 2

    I.     Relevant Procedural History ................................................................ 2

    II.    The Federal Circuit's *Ablan* Decision ..................................................... 4

ARGUMENT .............................................................................................................. 5

    I.     The Panel in *Ablan* Issued No General Statement of Law
         Applicable Here. ................................................................................. 5

    II.    The Decision in *Ablan* Does Not Address, Much Less Dispose of,
         Plaintiffs' Burden to Show Causation, Nor Does the Decision
         Address the United States' Relative Benefits Defense. .......................... 8

CONCLUSION ......................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Ablan v. United States*,
    162 F.4th 1364 (Fed. Cir. 2025) .............................................................. 2, 3, 4, 5, 6, 7

*Atlantic Thermoplastics Co. v. Faytex Corp.*,
    5 F.3d 1477 (Fed. Cir. 1993) ................................................................................... 8

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ............................................................................................. 10

*Coltec Indus., Inc. v. United States*,
    454 F.3d 1340 (Fed. Cir. 2006) ............................................................................... 6

*Connors v. Conn. Gen. Life Ins. Co.*,
    272 F.3d 127 (2d Cir. 2001) .................................................................................... 8

*Kearney v. Standard Ins. Co.*,
    175 F.3d 1084 (9th Cir. 1999) ............................................................................ 7, 8

*Lucas v. S.C. Coastal Council*,
    505 U.S. 1003 (1992) .......................................................................................... 5, 6

*Milton v. United States*,
    36 F.4th 1154 (Fed. Cir. 2022) ............................................................................ 3, 9

*Nat'l Bd. of YMCA v. United States*,
    395 U.S. 85 (1969) .............................................................................................. 6, 7

*Newell Cos., Inc. v. Kenney Mfg. Co.*,
    864 F.2d 757 (Fed. Cir. 1988) ................................................................................. 6

*Sacco v. Dep't of Justice*,
    317 F.3d 1384 (Fed. Cir. 2003) ............................................................................... 6

*St. Bernard Parish Gov't v. United States*,
    887 F.3d 1354 (Fed. Cir. 2018) ........................................................................... 3, 9

*TrinCo. Inv. Co. v. United States*,
    722 F.3d 1375 (Fed. Cir. 2013) ............................................................................... 7

**Rules**

RCFC 52(a) ..................................................................................................................... 7

The United States files this supplemental brief in response to the Court's order directing the parties to address how the Federal Circuit's recent decision in *Ablan v. United States* may affect this case. Dkt. No. 594.

## INTRODUCTION

The necessity defense is available to the United States in this case and immunizes its actions during Hurricane Harvey from takings liability. Nothing in the Federal Circuit's recent decision in *Ablan v. United States* changes that fact: the court of appeals issued no sweeping pronouncement that speaks to this case, which involves different plaintiffs and different properties situated downstream of the Addicks and Barker Dams. To resolve the United States' necessity defense here, the Court must issue a post-trial decision based on this Court's record, and it should rule for the United States.

But the Court need not reach the necessity defense at all. Fully briefed motions for summary judgment are still pending before the Court, which, among other things, show that Plaintiffs have failed to carry their burden on causation. Causation is an essential element of Plaintiffs' claims. The Court should thus address the motions for summary judgment before addressing one of the United States' defenses, a foray unnecessary given Plaintiffs' failure to carry their burden to prove causation.

For these same reasons, even if the Court were to address necessity and find that the *Ablan* decision bears on the defense, it would not resolve this case. The Court would still need to address causation and the United States' relative benefits

1

defense, also raised in the pending motions for summary judgment. The properties here *benefitted* from the dams' holding back of floodwaters and experienced less flooding than they would have without government action. These properties are distinct from the *Ablan* properties, which are situated upstream of the dams. The Federal Circuit's *Ablan* decision does not resolve—or even address—the causation or relative benefits issues in the present case. This Court must resolve them.

*Ablan* is factually and legally distinct and does not resolve the merits of this case. The Court cannot hold the United States liable for a taking based solely on the panel's rejection of the necessity defense in *Ablan*. As discussed further below and as part of the summary judgment and limited evidentiary trial proceedings, the Court should grant the United States' motion for summary judgment or, in the alternative, issue a post-trial ruling that the United States is immunized by the necessity defense.

## BACKGROUND

### I.    Relevant Procedural History

Hundreds of cases are pending in the Court of Federal Claims based on the events surrounding Hurricane Harvey. The Court placed the cases into a master docket, which it then divided into an upstream sub-docket and downstream sub-docket. The sub-dockets have proceeded separately.

In the upstream sub-docket, the court (Lettow, J.) held bellwether trials on both liability and just compensation. *See Ablan v. United States*, 162 F.4th 1364, 1371 (Fed. Cir. 2025). Judge Lettow entered judgment for the just compensation

2

bellwether plaintiffs and the parties cross-appealed to the Federal Circuit. *See id.* The court of appeals issued its decision a little more than a month ago.

Separately, in the downstream sub-docket, this Court granted the United States' motion to dismiss and related motion for summary judgment. *See* Dkt. No. 203. But in *Milton v. United States*, the Federal Circuit reversed and remanded, holding that the plaintiffs had "alleged cognizable property interests." 36 F.4th 1154, 1158 (Fed. Cir. 2022). The court of appeals directed the Court to consider, among other things, both "whether Appellants have established causation when considering 'the impact of the entirety of government actions that address the relevant risk'" and "whether the Government can invoke the necessity doctrine as a defense." *Id.* at 1163 (quoting *St. Bernard Parish Gov't v. United States*, 887 F.3d 1354, 1364 (Fed. Cir. 2018)).

Following the remand, the United States ultimately moved for summary judgment. Dkt. No. 262. Plaintiffs also moved for summary judgment. Dkt. No. 266. Briefing on the cross-motions finished in 2023. *See generally* Docket. The Court held oral argument in Houston on February 21, 2024. *See* Docket. The Court has not ruled on the cross-motions. Rather, at oral argument, the Court questioned whether potential factual issues on the necessity defense warranted a trial. *See* Tr. 82:21–83:25 (Feb. 21, 2024), Dkt. No. 468. Shortly after oral argument, the Court issued an order staying the parties' cross-motions and directing the parties to file a status report about a potential trial. Dkt. No. 465. The parties did so on March 6, 2024. Dkt. No. 492.

3

On May 3, 2024, the Court issued an order setting "a limited evidentiary trial." Dkt. No. 514. The Court restricted trial to two issues:

(1) Was there an emergency that necessitated the United States Army Corps of Engineers . . . opening the Addicks and Barker reservoir gates, or were the gates opened as a matter of ordinary operating procedure; and

(2) What would have happened if the gates had remained closed?

*Id.* The United States objected to a trial limited to only one of its defenses, especially before Plaintiffs had put on any evidence to meet their burden of showing the United States had caused any taking. Dkt. No. 515.

Despite the United States' objection, the Court held the limited evidentiary trial on necessity in October and December 2024. The Court heard closing arguments on April 8, 2025. The Court has not yet issued a post-trial decision.

## II.    The Federal Circuit's *Ablan* Decision

On December 22, 2025, a panel of the Federal Circuit issued a decision in the upstream bellwether appeal. *Ablan*, 162 F.4th 1364. The court affirmed in part, vacated in part, and remanded. *Id.* at 1371; *see also id.* at 1383. In a single paragraph, the panel addressed the United States' necessity defense. *Id.* at 1378–79. It "disagreed" that "any taking [was] excused by a necessity defense." *Id.* at 1378. The panel based this disagreement on its view: (1) that the government was not acting to prevent a landowner from committing a nuisance; (2) that the government's actions were not in response "to an unforeseeable exigency"; and (3) that the government was not acting for the benefit of the upstream landowners.

4

*Id.* The court thus affirmed the Court of Federal Claims' liability determination. *Id.* at 1378–79.

The Federal Circuit has not issued the mandate in *Ablan*. The United States has until March 9, 2026 to petition for rehearing or rehearing en banc. Order, *Ablan v. United States*, No. 23-1363 (Fed. Cir. Jan. 30, 2026), Dkt. No. 86.

## ARGUMENT

### I. The Panel in *Ablan* Issued No General Statement of Law Applicable Here.

The panel's decision in *Ablan* does not affect this Court's disposition of the downstream cases. The court of appeals made no sweeping legal pronouncement about the necessity defense, nor did it decide the case based on a generally applicable legal principle relevant to the United States' necessity defense here. This Court must make its own findings based on the record developed at the evidentiary hearing and binding precedent on the long-standing, common law doctrine of necessity.

The panel in *Ablan* identified several things the upstream case was not. It stated that the upstream bellwether case was "not a case where the government prevented a landowner from activities 'akin to public nuisances.'" *Ablan*, 162 F.4th at 1378 (quoting *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1022 (1992)). It also stated that it was not "one where the government's actions were in response to an unforeseeable exigency, such as where urgent action was taken 'to prevent the spreading of a fire.'" *Id.* (quoting *Lucas*, 505 U.S. at 1029 n.16). Lastly, the court stated that "the government did not build and operate the Addicks and Barker

5

Dams for the benefit of Plaintiffs." *Id.* (citing *Nat'l Bd. of YMCA v. United States*, 395 U.S. 85, 90–93 (1969)). It then rejected the necessity defense. *Id.*

The panel's observations do not say what the necessity defense *is*. The court did not, for instance, discuss and analyze precedent. Indeed, the Federal Circuit did not consider or discuss any test at all. What's more, *Lucas* does not contain the phrase "unforeseeable exigency," and *YMCA* was not about the necessity defense.

Plaintiffs here have conceded that the Federal Circuit's decision in *TrinCo* presents "the controlling test" for the necessity defense. Tr. 26:14–18 (Feb. 21, 2024), Dkt. No. 468; *see also* Pls.' Pre-Trial Mem. 3, 5, Dkt. No. 535 (recognizing test for necessity doctrine under *TrinCo*); Pls.' Post-Trial Mem. 6, Dkt. No. 576 (same). The panel in *Ablan* did not so much as cite *TrinCo*. *See Ablan*, 162 F.4th at 1378–79. Panels of the Federal Circuit, however, are "bound by prior precedential decisions unless and until overturned *en banc*." *Sacco v. Dep't of Justice*, 317 F.3d 1384, 1386 (Fed. Cir. 2003) (citation omitted). So too is this Court. *Coltec Indus., Inc. v. United States*, 454 F.3d 1340, 1353 (Fed. Cir. 2006); *see also Newell Cos., Inc. v. Kenney Mfg. Co.*, 864 F.2d 757, 765 (Fed. Cir. 1988) (when two panel decisions directly conflict, "the precedential decision is the first").

At bottom, the Federal Circuit in *Ablan* set forth no generally applicable principles that would allow the Court to resolve the United States' necessity defense in this case. The panel did not apply existing precedent to the facts of Hurricane Harvey in a way that would bear on the necessity defense in the downstream cases. To evaluate that defense in this case, the Court must assess, based on its record,

6

whether there was "an imminent danger and an actual emergency giving rise to actual necessity." *TrinCo. Inv. Co. v. United States*, 722 F.3d 1375, 1378 (Fed. Cir. 2013); *see also* United States' Post-Trial Mem. 3–4, Dkt. No. 577.

If there is anything to be drawn from *Ablan*, however, the panel's decision suggests the necessity defense *is* available here. The court observed that "the government did not build and operate the Addicks and Barker Dams for the benefit of [the upstream] Plaintiffs." *Ablan*, 162 F.4th at 1378 (citing *YMCA*, 395 U.S. at 90–93). While the necessity defense does not require that the government be acting to benefit the affected landowners, here the construction and operation of the Addicks and Barker Dams *was* for the benefit of Plaintiffs—*downstream* landowners. *See, e.g.*, Joint Stipulations ¶ 6, Dkt. No. 548; JX0042 at 2-6 (-6054); JX002 at 2-1 (-6308); Trial Tr. 799:21–25 (Oct. 30, 2024; Thomas); Trial Tr. 856:4–13, 876:4–9 (Oct. 30, 2024; Zetterstrom); *see also Ablan*, 162 F.4th at 1378 (government action "aided some property owners (downstream residents)").

In any event, this is a different case, with different plaintiffs, different properties, different claims, different facts, and a different evidentiary record. The Federal Circuit's bare-bones affirmance of a post-trial decision in the upstream bellwether case cannot decide the issues here. "In an action tried on the facts, the court *must* find the facts specially and state its conclusions of law separately." RCFC 52(a) (emphasis added). As several courts of appeals have recognized, in bench trials, the court must make findings of fact under Rule 52(a). *See Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1095 (9th Cir. 1999) (en banc); *see also Connors v.*

7

*Conn. Gen. Life Ins. Co.*, 272 F.3d 127, 135 (2d Cir. 2001). This, in part, supports appellate review. *See Kearney*, 175 F.3d at 1095; *see also Atlantic Thermoplastics Co. v. Faytex Corp.*, 5 F.3d 1477, 1479 (Fed. Cir. 1993); *Connors*, 272 F.3d at 135. As the Federal Circuit has observed, Rule 52(a) "require[s] that the findings of the trial court include as many of the subsidiary facts as are necessary to disclose to the appellate court the steps by which the trial court determined factual issues and reached its ultimate conclusions." *Atlantic Thermoplastics*, 5 F.3d at 1479. The Court must make such findings here.

This Court held a limited evidentiary trial and, if it reaches the necessity defense, then the Court must, under Rule 52(a), decide the issue based on the evidence presented in *this case*. It cannot simply decide the matter for the reasons set out in *Ablan*, where the court was presented with different evidence about differently situated upstream plaintiffs. The court of appeals was not presented with and did not decide the necessity defense for the downstream plaintiffs. In short, *Ablan* does not bear on the necessity defense in this case.

**II.     The Decision in *Ablan* Does Not Address, Much Less Dispose of, Plaintiffs' Burden to Show Causation, Nor Does the Decision Address the United States' Relative Benefits Defense.**

Even if the Court were to conclude that the panel's decision in *Ablan* bears adversely on the United States' necessity defense here, that would not end the matter. The Court cannot go from that conclusion to a holding of liability. The necessity defense is just that: a defense. It matters only, and the United States can be liable only, *if* Plaintiffs first prove the United States caused flooding that effected a taking of their property. But the Court has not decided that issue: it has not ruled

8

on the pending summary judgment motions and, despite the United States' objection, causation was not an issue at the Court's limited evidentiary trial. Nor, in any event, can Plaintiffs prove causation under the correct legal standard. What's more, the United States has raised another defense separate from necessity: relative benefits. The Court cannot make any ultimate finding of liability based on *Ablan*.

Causation is an essential element of Plaintiffs' takings claims. "It is well established that a takings plaintiff bears the burden of proof to establish that the government action caused the injury." *St. Bernard Parish Gov't*, 887 F.3d at 1362. "[A] plaintiff must show that in the ordinary course of events, absent government action, plaintiffs would not have suffered the injury." *Id*. The court of appeals in *Ablan* did not discuss the causation standard from *St. Bernard Parish*. Nor does the upstream decision bear on whether the downstream landowners have presented evidence to meet their burden in this case. They have not. U.S.' Mot. for Summ. J. (Corrected) 24–35, Dkt. No. 262 ("U.S. MSJ"). The court of appeals has, however, already instructed this Court to address causation under *St. Bernard Parish*. *Milton*, 36 F.4th at 1163. And because Plaintiffs have no evidence to satisfy the causation standard, the Court cannot find the United States liable for a taking in this case. So even if this Court could conclude that *Ablan* disposes of the United States' necessity defense in Plaintiffs' favor, it would still need to return to the issue of causation and grant the United States' motion for summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (Rule 56 "**mandates** the entry of

9

summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case" (emphasis added)).

The United States has also moved for summary judgment on its relative benefits defense. U.S. MSJ 36–48. Thus, even if causation is not dispositive, and even if the necessity defense is unavailable, the Court still could not find the United States liable. The relative benefits doctrine provides a defense to any takings liability. *Id.* at 37–38. The Corps, through operation of the Addicks and Barker Dams, has reduced or prevented flooding of Plaintiffs' downstream properties during every storm in which it has closed the gates, including during Hurricane Harvey. The benefits of such protection across more than seventy years mean the United States is not liable here.

At bottom, there are multiple issues, dispositive in the United States' favor, on which the Court has not yet ruled. The Federal Circuit in *Ablan* did not address them. *Ablan* does not and cannot decide this case. The Court must resolve the pending motions for summary judgment.

## CONCLUSION

Because the Federal Circuit's panel decision in *Ablan* provides no general principles of law or other analysis applicable to this case, it does not (and cannot) affect the outcome here. The downstream case presents different claims, different plaintiffs, and a different trial record than the upstream case. If the Court chooses to reach the issue of necessity, then it must do so based on the record presented to it

10

at the limited evidentiary hearing and the standard set out in *TrinCo*. But the Court need not do so. It should instead start and end with the threshold and essential element of causation, as the Federal Circuit instructed when it remanded this case. Causation is fatal to Plaintiffs' claims because the Addicks and Barker Dams protected downstream properties from even worse flooding during Hurricane Harvey. Further, the Court cannot decide liability without addressing the United States' relative benefits defense, presented in the same motion for summary judgment. In short, the Court cannot find the United States liable based on the Federal Circuit's panel decision in *Ablan*.

Respectfully submitted this 17th day of February, 2026,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

*s/Brian R. Herman*
BRIAN R. HERMAN
Senior Trial Attorney
AMBER DUTTON-BYNUM
GENEVIEVE GEIGER
Trial Attorneys
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 532-3278
Brian.Herman@usdoj.gov